IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY DON SHACKELFORD (TDCJ No. 2139116), § § § | | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-1075-M-BN |
| STATE BAR OF TEXAS, ET AL., | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Casey Don Shackelford, then a Texas prisoner, convicted of aggravated assault in Kaufman County, brought this *pro se* civil rights action against the State Bar of Texas, the Kaufman County District Attorney, the Kaufman County Public Defender, the Sheriff of Kaufman County, and two state judges. *See* Dkt. No. 6 (amended complaint).

His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Shackelford's claims except his solitary-confinement claim against the Sheriff "with prejudice to [those claims] being asserted again until the *Heck [v. Humphrey*, 512 U.S. 477 (1994)] conditions are met," *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam); and should

dismiss the solitary-confinement claim with prejudice for failure to state a claim on which relief may be granted.

## Applicable Background

Shackelford now seeks "compensation for violation of [his] civil rights and wrongful incarceration," as well as "exoneration." Dkt. No. 6 at 4. His civil rights claims are based on the defendants' failure to remove – or assist (or impede) his own efforts to remove – his trial counsel, Public Defender Andrew Jordan. *See id.* at 5-9 (alleging that the Texas State Bar failed to assist him; that the district attorney opposed his request to remove Jones and hire substitute counsel; that two judges denied his request; and that Jones ignored his request and "neglect[ed] his ethical obligations" by "refus[ing] to act on [Shackelford's] behalf by not getting a bond set on [his] case"). Similarly, Shackelford alleges that the Sheriff hindered his ability to communicate with his bank to obtain funds to hire counsel of his choice and also "unjustly subjected [him] to 16 months of solitary confinement." *Id.* at 10.

After the Court granted Shackelford leave to proceed *in forma pauperis*, *see* Dkt. No. 9, he paid the full filing fee. But his doing so does not prevent the Court from screening his claims under 28 U.S.C. § 1915A(b)(1), which provides that where a prisoner seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.*; *see Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review

any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998))).

## Legal Standards and Analysis

I.  *Heck*

Civil rights claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)); *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." (citing *Heck*, 512 U.S. at 486)); *id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

All but one of Shackelford's claims are based on his contention that, although he was represented by a court-appointed public defender, he was prevented from

retaining counsel of his choice. "[T]he 'erroneous deprivation of the right to counsel of choice' is a 'structural error' in violation of the Sixth Amendment and is not subject to harmless-error analysis." *United States v. Sanchez Guerrero*, 546 F.3d 328, 332 (5th Cir. 2008) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150-52 (2006)); *see also Batchelor v. Cain*, 682 F.3d 400, 405-06 (5th Cir. 2012) ("[A] structural error [ ] is not subject to harmless error review and instead requires automatic reversal." (citations omitted)). "*Gonzalez-Lopez* thus clearly establishes that a § 1983 suit for wrongful denial of the right to be assisted by counsel of one's choice ... is subject to the *Heck* rule," *Branon v. Debus*, 289 F. App'x 181, 182 (9th Cir. 2008) (per curiam), as a civil claim based on an allegation that a defendant prevented Shackelford from retaining counsel of his choice is obviously inconsistent with a conviction that has not been shown to have been reversed, expunged, or otherwise declared invalid.

And to the extent that some civil claims against Jones are based on a theory that counsel was constitutionally ineffective, *Heck* bars those claims too. *See Mount v. Wakefield*, 738 F. App'x 280, 280-81 (5th Cir. 2018) (per curiam) (affirming dismissal of Section 1983 claim based on alleged violation of the Sixth Amendment right to effective assistance of counsel as barred by *Heck*); *see also Farrow v. Lipetzky*, No. 12-cv-06495-JCS, 2017 WL 1540637, at *11 (N.D. Cal. Apr. 28, 2017) ("Each of those types of claims – ineffective assistance demonstrated to be prejudicial under *Strickland*, structurally ineffective assistance under *Cronic*, and denial of counsel of choice under *Gonzalez-Lopez* – would likely be barred by *Heck* if brought by a plaintiff who had been convicted in the prosecution at issue, regardless of whether that conviction resulted

-4-

from a guilty plea.").

## II. Segregation

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45). "At the outset, the Court must determine whether a plaintiff alleging violations of his Fourteenth Amendment rights is challenging a condition of confinement or an 'episodic act or omission.'" *Campos v. Webb Cnty. Sheriff's Dep't*, No. 5:12-CV-7, 2014 WL 1379668, at *5 (S.D. Tex. Apr. 3, 2014) (citation omitted).

> If the plaintiff has properly stated a claim as an attack on conditions of confinement, he is relieved from the burden of demonstrating a municipal entity's or individual jail official's actual intent to punish because ...

> intent may be inferred from the decision to expose a detainee to an unconstitutional condition. A condition is usually the manifestation of an explicit policy or restriction: the number of bunks per cell, mail privileges, disciplinary segregation, etc. In some cases, a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice."

*Shepherd*, 591 F.3d at 452 (first citing *Scott v. Moore*, 114 F.3d 51, 53 n.2 (5th Cir. 1997) (en banc); then quoting *Hare*, 74 F.3d at 645); *see also Montano v. Orange Cnty., Tex.*, 842 F.3d 865, 874 (5th Cir. 2016) ("[T]hree elements must be established to prove an unconstitutional condition of confinement: '(1) "a rule or restriction or ... the existence of an identifiable intended condition or practice ... [or] that the jail official's acts or omissions were sufficiently extended or pervasive"; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [a detainee's] constitutional rights.'" (quoting *Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 468 (5th Cir. 2015))).

Shackelford's segregation claim is that he "was unjustly subjected to 16 months of solitary confinement." Dkt. No. 6 at 10. This claim is first conclusory. Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But the Court need not grant Shackelford leave to amend this claim.

"[S]egregation in a single cell does not implicate a protected liberty interest 'unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' Thus, absent extraordinary circumstances, 'administrative segregation ... will never be a ground for a constitutional claim.' Such extraordinary circumstances are rarely found." *Ryals v. El Paso Cnty.*, No. EP-13-CV-289-PRM, 2014 WL 10184580, at *6 (W.D. Tex. Nov. 24, 2014) (quoting *Hernandez v. Uelasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (quoting, in turn, *Sandin v. Conner*, 515 U.S. 472, 484 (1995)))).

And 16 months in segregation, the extent of Shackelford's claim, does not itself present extraordinary circumstances raising a constitutional violation. *See, e.g., Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) ("[T]he duration in segregated confinement that courts have found does not give rise to a liberty interest ranges up to two and one-half years." (collecting cases)).

## Recommendation

The Court should dismiss all claims except the solitary-confinement claim with prejudice to those claims being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met, and should dismiss the solitary-confinement claim with prejudice for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE